**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PHILLIP D. NEWBERRY**, | § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-23-CV-00084-DCG |
| | § § | |
| **MIKE SOTO,** | § | |
| **ADRIAN SOTO, and** | § | |
| **TONY CANO** | § § § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

On this day, the Court considers Plaintiff Phillip D. Newberry's ("Plaintiff") "Application to Proceed in District Court Without Prepaying Fees or Costs" ("Motion to Proceed *In Forma Pauperis*" or "Motion"). (ECF No. 1). On February 27, 2023, the Honorable David Guaderrama, United States District Judge, referred the Motion to the undersigned ("Referral Order"). (ECF No. 6, p. 1). For the following reasons, the Court recommends that the Motion be denied.[1]

On March 14, 2023, upon finding that several of Plaintiff's answers in his Motion were incomplete, the Court ordered Plaintiff to supplement his application with complete answers by April 13, 2023. (ECF No. 9). This deadline has passed, and Plaintiff has not provided the required information.

---

[1] Although the Motion was referred to the undersigned for determination (ECF No. 6, p. 1), the Court issues a report and recommendation because there is disagreement among courts as to whether a magistrate judge may deny a motion to proceed *in forma pauperis* in a final order. *See Wilson v. Becker*, No. 07-7157, 2008 WL 81286, at *1 (E.D. La. Jan. 7, 2008) (collecting cases). While the Fifth Circuit has not directly addressed this issue, the circuits that have "have declared that denial of a motion to proceed *in forma pauperis* is 'the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.'" *Herman v. Comm'r of Soc. Sec.*, No. 19-CV-107, 2019 U.S. Dist. LEXIS 147628, at *2 n.1 (N.D. Miss. Aug. 7, 2019) (quoting *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990)); *see also id.* (first citing 28 U.S.C. § 636(b)(1)(B); then citing *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988)); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311–12 (10th Cir. 2005).

1

"Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court." *Chineme v. Hayes*, No. 21-CV-1851, 2021 WL 5910684, at *1 (N.D. Tex. Nov. 29, 2021) (first citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); then citing 28 U.S.C. § 1915(a)), *report and recommendation adopted*, 2021 WL 5908900 (N.D. Tex. Dec. 14, 2021). "A litigant seeking IFP status must submit an affidavit identifying all assets she possesses, as well as a statement that she is unable to pay the necessary fees of bringing a federal civil action." *Burch v. Freedom Mortg. Corp. (In re Burch)*, 835 F. App'x 741, 749 (5th Cir. 2021) (citing 28 U.S.C. § 1915(a)(1)). In determining whether a party is eligible to proceed *in forma pauperis* ("IFP"), "courts are to consider income in the context of overall expenses and other factors, including savings and debts." *Berrios v. Magnus*, 22-CV-00139-DCG, 2022 WL 5287782, at *2 (W.D. Tex. Oct. 6, 2022) (quoting *McKinley v. Cnty. of Fresno*, No. 21-cv-00754, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021)).

As stated, Plaintiff did not provide complete information regarding his assets and liabilities in his Motion. Specifically, he did not state how much money he had received or expected to receive from an inheritance that he said he had received or was going to receive, did not provide an approximate value for a car that he said he owned, and did not state how much he owed in debts and/or financial obligations that he said he had. (ECF No. 9, p. 1) (quoting ECF No. 1). Because he did not provide this information, Plaintiff has failed to show that he should be authorized to proceed IFP. *See Burch*, 835 F. App'x at 749 (holding that district court did not abuse its discretion in denying IFP status to the plaintiff on the grounds that he did not submit an affidavit identifying his assets); *Armstrong v. San Antonio Hous. Auth.*, No. 03-1128, 2004 WL 2397577, at *1 (W.D. Tex. Sept. 24, 2004) (holding that the plaintiff "fail[ed] to meet his burden of establishing his entitlement to proceed IFP" because he did not answer certain questions in the

IFP application with adequate specificity); *Chineme*, 2021 WL 5910684, at *1 (denying IFP motion because the plaintiff did not file a "fully completed or signed IFP application").

Accordingly, the Court **RECOMMENDS** that Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1) be **DENIED**.[2]

**SIGNED** and **ENTERED** this 17th day of April, 2023.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**
**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

.

---

[2] Should this Report and Recommendation be adopted, and Plaintiff's Motion denied, this Court will not have continuing authority to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981) ("This circuit has adopted a two-stage procedure for processing a prisoner's pro se civil rights complaint filed in forma pauperis under 28 U.S.C. [§] 1915. First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under section 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, *once leave has been granted*, section 1915[(e)(2)] allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious . . . ." (emphasis added)); *see also Harris v. U.S. Dep't of Just.*, 680 F.2d 1109, 1111 (5th Cir. 1982) ("The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to [§] 1915[(e)(2)], the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, it determines that it is unmeritorious, frivolous or malicious." (citations omitted)).