UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **PHILLIP D. NEWBERRY**, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> §     EP-23-CV-00084-DCG <br> **MIKE SOTO,** § <br> **ADRIAN SOTO, and** § <br> **TONY CANO,** § <br> § <br> *Defendants*. § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

*Pro se* Plaintiff Phillip D. Newberry has applied to proceed *in forma pauperis* ("IFP") in this case—that is, without prepaying court fees or costs. IFP Appl., ECF No. 1. The Court referred Plaintiff's Application to U.S. Magistrate Judge Miguel A. Torres, Referral Order, ECF No. 6, at 1,[1] who issued a Report and Recommendation advising the Court to deny Plaintiff's IFP Application, R. & R., ECF No. 1.

For the following reasons, the Court **ACCEPTS** Judge Torres's Report and Recommendation and **DENIES** Plaintiff's IFP Application. If Plaintiff wishes to continue pursuing this lawsuit, he must pay the **$402.00** filing fee by **June 7, 2023**.

### I.    DISCUSSION

**A.    Plaintiff Did Not Object to Judge Torres's Report and Recommendation Within the 14-Day Objection Period**

When a Magistrate Judge issues a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations" "[w]ithin fourteen

---

[1] Page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

days after being served with a copy."[2]  Thus, to determine whether and when Plaintiff's deadline to object to Judge Torres's Report and Recommendation expired, the Court must decide whether and when Plaintiff was "served with a copy."  For the following reasons, the Court concludes that it served Plaintiff the Report and Recommendation on April 21, 2023.

The Clerk of Court sent Judge Torres's Report and Recommendation to Plaintiff's last known address *via* certified mail on April 18, 2023.  Certified Mail Receipt, ECF No. 17.  The U.S. Postal Service's online package tracker indicates that USPS automatically forwarded the Report and Recommendation to South Carolina, which the Court infers is where Plaintiff currently resides.[3]  USPS attempted to deliver the Report and Recommendation to Plaintiff's South Carolina address on April 25, 2023, but no authorized recipient was available.  USPS therefore left Plaintiff a notice to arrange for redelivery of the Report and Recommendation and warned him that, if he didn't, USPS would return the envelope to the Court.  As far as USPS's website reveals, Plaintiff hasn't scheduled a redelivery or picked the document up from the Post Office.

---

[2] 28 U.S.C. § 636(b)(1); *see also* R. & R. at 3 (alerting Plaintiff to this 14-day objection period).

[3] If that's so, Western District of Texas Local Rule CV-10(d) requires any "unrepresented party" to "promptly file a notice of any change in the party's . . . mailing address."  W.D. TEX. L.R. CV-10(d).  "The court may sanction a party for the party's . . . failure to do so, including dismissal of the party's claims or defenses."  *Id.*

The fact that Plaintiff didn't ultimately receive the Report and Recommendation doesn't affect the objection period's start or end date.[4]  Plaintiff bears the ultimate responsibility to pick up mail the Court sends him.[5]

Under the Federal Rules of Civil Procedure, Plaintiff's objection period began three days after the Clerk of Court deposited the Report and Recommendation in the mail—*i.e.*, on April 21, 2023.[6]  Plaintiff's 14-day deadline to object to the Report and Recommendation therefore expired on May 5, 2023.

**B.      The Court Accepts Judge Torres's Recommendations**

Because Plaintiff didn't file any objections by that date, this Court will reject or modify Judge Torres's recommendations only if they are "clearly erroneous or contrary to law."[7]  They are neither of those things, so the Court accepts them in full.[8]

---

[4] *See, e.g.*, *Elec. Workers Loc. 369 Benefit Fund v. Churchman Elec. & Techs., LLC*, No. 3:19-cv-652, 2022 WL 2405366, at *1 n.1 (W.D. Ky. Mar. 4, 2022) ("[I]t appears that the defendants likely never received a copy of [the Magistrate Judge's] Report and Recommendation.  Even so, Federal Rule of Civil Procedure 5(b)(2)(C) provides that a paper is served by mailing it to the person's last known address—in which event service is complete upon mailing.  The defendants were therefore served . . . when [the] Report and Recommendation was mailed to them . . . . [N]onreceipt or nonacceptance of the papers by the person to be served . . . generally does not affect the validity of service." (cleaned up)).

[5] *Cf. Hall v. ADVO, Inc.*, No. 3:04-CV-2644, 2007 WL 210357, at *2 (N.D. Tex. Jan. 26, 2007) ("That [the *pro se* plaintiff] neglected or refused to accept delivery of or claim the certified mail is of no moment, as service on him was duly made.  One has a choice to accept or reject receipt of certified mail; however, he must face the consequences of such refusal or failure.").

[6] *See* FED. R. CIV. P. 5(b)(2) ("A paper is served . . . by . . . (C) mailing it to the person's last known address—in which event service is complete upon mailing."); FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also, e.g.*, *Franco v. Bank of Am.*, No. 08-CA-0475, 2010 WL 11598091, at *2 (W.D. Tex. June 8, 2010) (applying those Rules to calculate litigant's deadline to object to Report and Recommendation served by mail).

[7] *E.g.*, *Costley v. Richardson*, No. W-14-CV-024, 2014 WL 12877371, at *1 (W.D. Tex. Aug. 5, 2014).

[8] In any event, the Court would accept Judge Torres's Report and Recommendation in full even if the Court were reviewing it *de novo*.

To proceed IFP, a plaintiff must "complete[] the [IFP] application in its entirety."[9] Because Plaintiff didn't fully answer several of the questions on his Application, Judge Torres ordered him to "submit complete answers to th[o]se questions by no later than April 13, 2023."[10] Judge Torres warned Plaintiff that, if he didn't, the Court might deny his IFP Application.[11]

On March 23, 2023, Plaintiff asked the Court to relieve him of the obligation to submit complete answers to the questions on his IFP Application.[12] The Court denied his request and informed him that it "expect[ed] him to comply with Judge Torres's order by supplementing the responses on his IFP [A]pplication by April 13, 2023."[13]

Nonetheless, Plaintiff didn't submit complete answers to the questions on his Application by the April 13, 2023 deadline.[14] The Court thus agrees with Judge Torres that "Plaintiff has failed to show that he should be authorized to proceed IFP."[15]

---

[9] *See, e.g.*, *Armstrong v. San Antonio Hous. Auth.*, No. 03-CA-1128, 2004 WL 2397577, at *1 (W.D. Tex. Sept. 24, 2004).

[10] Order Submit Complete Answers, ECF No. 9, at 1–2; *see also* IFP Appl. at 1–2.

[11] Order Submit Complete Answers at 2.

[12] *See* Notice Request Cts., ECF No. 12.

[13] Order Denying Recons., ECF No. 13, at 2–4. Plaintiff received that Order. *See* Returned Signed Certified Mail Receipt, ECF No. 15.

[14] R. & R. at 1.

[15] *Id.* at 2; *see also, e.g.*, *Burch v. Freedom Mortg. Corp. (In re Burch)*, 835 F. App'x 741, 749 (5th Cir. 2021) (holding that district court "did not abuse its discretion in denying [litigant]'s IFP motion" when he failed to "identify[] all assets" he possessed).

## II. CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF No. 16) **IN FULL** and **DENIES** Plaintiff Phillip D. Newberry's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1).

If Plaintiff wishes to continue pursuing this lawsuit, he **MUST PAY** the **$402.00** filing fee by **June 7, 2023**.[16]  If he does not, the Court **WILL CONSIDER DISMISSING** his case.[17]

The Court **INSTRUCTS** the Clerk of Court **NOT TO DOCKET** Plaintiff's proposed Complaint (ECF No. 1-2) until and unless he pays the filing fee.

Finally, the Court **DIRECTS** the Clerk to **MAIL** this Order to the following addresses:

Phillip D. Newberry
11116 Sea Foam Way
El Paso, TX 79936

Phillip D. Newberry
1123 Cornwell Rd.
Chester, SC 29706

**So ORDERED and SIGNED this 8th day of May 2023.**

_(signature)_
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[16] *See, e.g.*, *Arunachalam v. Apache Corp.*, No. 19-CV-00352, 2019 WL 13190570, at *2 (W.D. Tex. June 6, 2019).

[17] *See, e.g., id.*